Dove A. **BOOTH**, Plaintiff,

v.

**COLLECTION EXPERTS, INC.**, Defendant.

No. 95–C–0429.

United States District Court, E.D. Wisconsin.

March 18, 1997.

---

John J. Prentice, Prentice, Pierski & Phillips, Milwaukee, WI, for Plaintiff.

Patrick J. Schoen, Quarles & Brady, Milwaukee, WI, for Defendant.

### MEMORANDUM AND ORDER

GORENCE, United States Magistrate Judge.

The plaintiff, Dove A. Booth, filed this action against defendant Collection Experts, Inc., alleging that the defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The plaintiff alleges that the defendant violated 15 U.S.C. § 1692(a) by sending two written communications to him which contained inherently conflicting demands. The plaintiff seeks a finding by this court that the defendant violated the provisions of the FDCPA, statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

The Case was assigned to this court according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 13.03 (E.D.Wis.). The parties have consented to United States magistrate judge jurisdiction This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States, in particular the FDCPA. This court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d). Venue is proper in his district pursuant to 28 U.S.C. § 1391(b). Both parties have filed motions for summary judgment which are ready for resolution and will now be addressed.

### Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *McNeal v. Macht,* 763 F.Supp. 1458, 1460–61 (E.D.Wis.1991). "Material facts" are those facts that, under the

applicable substantive law, "might affect the outcome of the suit." *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of showing the needlessness of a trial—(1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law—is upon the movant.

However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson,* 477 U.S. at 267, 106 S.Ct. at 2519; *see also, Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553. All inferences are taken in the light most favorable to the nonmoving party. *Matter of Wade,* 969 F.2d 241, 245 (7th Cir.1992). Defeating summary judgment requires more than just a "swearing match"; rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. *Wade,* 969 F.2d at 245. Nonetheless, matters of credibility are not subject to resolution upon summary judgment. *Wilson v. Williams,* 997 F.2d 348, 350 (7th Cir.1993).

### Relevant Facts

On March 3, 1995, Donald P. Souza placed an account with Collection Experts for the collection of a $5,000.00 judgment against the plaintiff, Dove A. Booth. He informed Collection Experts that the judgment had been entered on March 4, 1992, by the South Bay Municipal Court, Beach Cities Branch in Redondo Beach, California and provided supporting documentation. Mr. Souza also informed Collection Experts that he had obtained the judgment because the plaintiff, his brother-in-law, had defaulted on a $5,000.00 loan which Mr. Souza had extended to him. It is undisputed that Collection Experts is a debt collector subject to the provisions of the FDCPA.

That same day, Collection Experts entered the information relating to the account into its computer. The computer is programmed to automatically mail an initial demand letter

to the debtor and such a letter was mailed to the plaintiff on March 3, 1995.

On March 22, 1995 an employee of Collection Experts spoke to the plaintiff's wife to inquire about the plaintiff's debt to Mr. Souza. The plaintiff's wife advised that she had not received the initial demand letter. Collection Experts immediately mailed a second letter to the plaintiff.

The plaintiff received the letter from Collection Experts on March 23, 1995. It specifically stated that the plaintiff had 30 days to validate the debt. The plaintiff called Mr. Souza to discuss the debt. They discussed a possible settlement arrangement, but the plaintiff did not specifically agree to pay the debt or admit that the debt was entirely valid.

On about March 24 1995, Mr. Souza advised Collection Experts that the plaintiff had offered to settle the judgment for $2,500.00 with payments spread over six months. Collection Experts was also advised by Mr. Souza that the plaintiff had told his wife that if he had to pay the debt he could not pay for parochial school education for their children and that he would "hunt Souza down."

On March 28, 1995, the plaintiff received a notice from Collection Experts dated March 27, 1995, which demanded payment of the debt within five days. The plaintiff was not aware that he still had 25 days in which to request validation of the debt before the defendant could assume the debt was valid. The plaintiff believed that if he did not pay the debt immediately, the defendant would take immediate action, such as filing a lawsuit.

In early April 1995 the plaintiff contacted an attorney and was informed of his validation rights. On April 6, 1995, he demanded verification of the debt by Collection Experts. Collection Experts mailed the documentation to him supporting its claim for the debt.

Collection Experts has taken steps to insure that its employees comply with the FDCPA. It purchased a full text manual on the Act and subscribes to publications which provide updates on the Act. It also belongs

to the American Collectors Association whose primary function is to keep its members updated on collections laws. Collection Experts also conducts monthly meetings to discuss recent decisions and methods of compliance.

### Analysis

The Fair Debt Collection Practices Act was enacted by Congress in 1977, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." *Jenkins v. Heintz,* 25 F.3d 536, 538 (7th Cir.1994) (quoting 15 U.S.C. § 1692[e]), *aff'd. sub nom., Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The FDCPA targets common abusive debt collection practices, but Congress obviously did not intend to eliminate all debt collection practices, only those which it considered unfair. *Jenkins,* 25 F.3d at 538.

 A "validation notice" is required by law to be present in letters seeking to collect debts. FDCPA, 15 U.S.C. § 1692g. Essentially, the notice required by § 1692g must tell the "target" that he has thirty days to dispute the validity of all or a portion of the debt. *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996). If not disputed, the collector may assume the debt to be valid. *Id.*

 The court of appeals for this circuit has determined that claims against debt collectors under the FDCPA are to be viewed through the eyes of the "unsophisticated consumer." *Avila* 84 F.3d at 226; *Gammon v. GC Serv. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994). The phrase "unsophisticated consumer" describes "the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon,* 27 F.3d at 1257. In adopting the "unsophisticated consumer" standard, the court rejected the "least sophisticated consumer" standard used by other courts, which, may be viewed as a "somewhat lesser standard." *Avila,* 84 F.3d at 226. Nonetheless, "the unsophisticated consumer standard is a distinction

without much of a practical difference in application." *Id.* at 227. When a validation notice contains language which "overshadows or contradicts other language informing a consumer of his rights, it violates the FDCPA." *Russell v. Equifax,* 74 F.3d 30, 34 (2nd Cir.1996); *Graziano v. Harrison,* 950 F.2d 107, 111 (3rd Cir.1991) ("The juxtaposition of two inconsistent statement" renders the notice invalid under § 1692g.) *see also, Avila,* 84 F.3d at 226. ("Validation notice was clearly overshadowed by language which followed on its heels."); *see also Cortright v. Thompson,* 812 F.Supp. 772, 777 (N.D.Ill. 1992); *Sturdevant v. Thomas E. Jolas P.C.,* 942 F.Supp. 426 (W.D.Wis.1996); *contra, Smith v. Financial Collection Agencies,* 770 F.Supp. 232, 237–38 (D.Del.1991); (Proper inquiry is whether substance and form of demand language stands in "threatening contraction to" notice and thus "grossly overshadows" notice.)

 Section 1692g is a strict liability statute; an unintentional violation of the validation requirements violates this section. *Russell,* 74 F.3d at 33. However, the FDCPA says explicitly that a "debt collector" may not be held liable if he "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Heintz v. Jenkins* 514 U.S. 291, 295, 115 S.Ct. 1489, 1491, 131 L.Ed.2d 395 (1995) (quoting § 1692k[c] ). The term "error" does not include mistakes of law. *Pipiles v. Credit Bureau Inc.,* 886 F.2d 22, 27 (2nd Cir.1989); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 779 (9th Cir. 1982), *Haynes v. Logan Furniture Mart Inc.,* 503 F.2d 1161, 1167 (7th Cir.1974); *Patzka v. Viterbo College,* 917 F.Supp. 654 659 (W.D.Wis.1996). The term "error" is generally limited to clerical mistakes, such as a minor numerical mistake in transposing numbers. *See e.g., Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1032 (6th Cir. 1992).

The plaintiff seeks summary judgment finding that the defendant violated 15 U.S.C. § 1692g. The plaintiff asserts that as a matter of law, the March 27, 1995, demand for payment within five days overshadowed and

contradicted information he received on March 23, 1995, stating that he had 30 days to validate the debt. The plaintiff asserts that based on this violation, the court should award him statutory damages in the amount of $1,000.00 plus attorney's fees and costs.

Collection Experts seeks summary judgment dismissing the plaintiff's claim. The defendant asserts that the March 27, 1995, notice did not "overshadow and contradict" its prior notices to the plaintiff. Alternatively, it argues that the settlement offer and threats from the plaintiff amounted to an acknowledgment of the debt and a waiver of any rights under § 1692g. Finally, Collections Experts contends that it may not be held liable under § 1692k(c) because it did not intentionally violate the Act and maintained procedures reasonably adapted to avoid any violation of the FDCPA.

Section 1962g(a) requires not only that the debt collector inform the consumer of certain rights in the debt collector's first communication or within five days of that initial communication, but that the remainder of the letter containing the validation notice not contradict or overshadow the validation notice. *Avila,* 84 F.3d at 226; *Russell,* 74 F.3d at 34; *Graziano,* 950 F.2d at 111; *Miller v. Payco–General Am. Credits. Inc.,* 943 F.2d 482, 484 (4th Cir.1991); *Rabideau v. Management Adjustment Bureau,* 805 F. Supp. 1086, 1093 (W.D.N.Y.1992). Language in communications sent after the validation notice may also violate § 1692g(a) by contradicting or overshadowing the prior notice. *Robinson v. Transworld Systems, Inc.,* 876 F.Supp. 385, 391 (N.D.N.Y.1995); *Rabideau,* 805 F.Supp. at 1094; *Anthes v. Transworld Sys. Inc.,* 765 F.Supp. 162, 171 (D.Del.1991); *Gaetano v. Payco of Wis., Inc.,* 774 F.Supp. 1404, 1410–1411 (D.Conn.1990).

In his motion for summary judgment, the plaintiff takes the position that there were only two notices, whereas the defendant asserts there were three. However, there is no genuine dispute of fact between the parties. The defendant's affidavit that the first notice was mailed on March 3, 1995, is uncontradicted. Likewise, the plaintiff's sworn statement that he first received a notice from the defendant on March 23, 1995, also stands uncontradicted. In any event,

the dispute regarding the March 3, 1995 notice is not material. Regardless of whether the March 3 letter or the March 22 letter was the first notification provided to the plaintiff of his 30–day validation period, the March 27, 1995 notice stating that the plaintiff had five days within which to pay the debt is confusing and inconsistent to the unsophisticated consumer. That notice stated that the plaintiff had five days within which to pay his debt. The March 27, 1995 notice is also contrary to the requirements of the statute.

The plaintiff was presented with two different and conflicting statements. If he followed the message contained in the March 22, 1995 letter, he would understand, as the Act intends him to, that he had 30 days to decide whether to contest the claim. But if he believed the information contained in the March 27, 1995 demand letter, he would have to pay the debt within five days or face "more extreme measures." The Act is designed to protect consumers from precisely this sort of contradictory message. The defendant offers no explanation as to why the demand letter was sent on March 27, 1995.

The defendant argues that the settlement offer and threats by the plaintiff amounted to an acknowledgment of the debt and the waiver of any rights under § 1692g. The defendant has cited no authority in support of this contention. The plaintiff did not communicate directly with Collection Experts. Rather, the information about the plaintiff's settlement offer and "threats" was conveyed by Mr. Souza to Collection Experts. Additionally, the information regarding "threats" and an offer to pay one-half of the asserted $5,000.00 debt over a six month period is subject to varying interpretations.

Collection Experts also asserts that it may not be held liable because it did not intentionally violate the FDCPA, and maintained procedures reasonably adapted to avoid any such violations. The defendant has submitted evidence that it maintains procedures to avoid violations of the act. However, Collection Experts has failed to submit any facts indicating that the violation was not intentional and that the violation resulted from a bona fide error. *See* 15 U.S.C. § 1692k(c).

In its brief, the defendant argues that by the time the plaintiff would have received the third communication sent on March 27, 1995, Collection Experts would have sent two prior notices with the debt validation language and 24 days would have elapsed during which time no action was taken to collect the debt. The defendant asserts that the March 27, 1995 letter advised that no further action would be taken for an additional five days, and when "added to the time that it would take to mail that letter," there was no threat to take any action until 30 days after the initial communication. Despite defendant's argument, this court's review of the letter attached to the complaint as Exhibit B does not reveal any statement that no further action would be taken for five days. The defendant does not cite any authority in support of its "mailing time" argument. The March 27, 1995 letter provided conflicting and inconsistent information to the plaintiff.

▪▪▪ In this case, the plaintiff concedes that he has suffered no actual damages, and seeks only statutory damages. In assessing whether part or all of the $1,000.00 statutory damages shall be awarded, the court generally is to consider "the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which non-compliance was intentional...." *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.) (quoting 15 U.S.C. § 1692k[b][1]), *cert. denied,* — U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). The submissions of the parties do not discuss these factors. This court will conduct a status conference with the parties on April 14, 1997, at 2:00 P.M. to discuss further proceedings in the matter.

▪▪▪ The plaintiff also requests an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a). The statutory language makes an award of attorney's fees mandatory. *Tolentino,* 46 F.3d at 651. *Tolentino* addresses the factors to be considered in calculating an award of attorney's fees. *Id.* The plaintiff is entitled to an award of attorney's fees in this action. However, further submissions on the issues of attorney's fees and costs should await the determination of the scope of additional proceedings in this matter.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment finding that the defendant Collection Experts violated 15 U.S.C. § 1692g, and that it is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) be and hereby is **GRANTED**. The amount of the award of statutory damages, costs and reasonable attorney's fees remains for determination,

IT IS FURTHER ORDERED that the defendant's motion for summary judgment finding that it did not violate that statutory provision or, in the alternative, that it may not be held liable under 15 U.S.C. § 1692k be and hereby is **DENIED**.

IT IS FURTHER ORDERED that the parties appear before this court for a status conference in this matter on **April 14, 1997, at 2:00 P.M.** at the Federal Courthouse, Room 264, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.