111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Miriam DOMINGUEZ-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1874.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided April 7, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 An Immigration Judge ("IJ") ordered Miriam Dominguez-Garcia deported after an in absentia hearing. The IJ and the Board of Immigration Appeals ("BIA") denied Dominguez-Garcia's motion to rescind the order and reopen her case, holding that she failed to satisfy the statutory requirements for rescinding an order of deportation issued after an in absentia hearing. Because we find that the IJ failed to provide Dominguez-Garcia with the statutorily required notice of her hearing, we vacate the BIA's order and remand this case to the BIA for further consideration consistent with this order.
 
 Facts
 
 2
 On February 13, 1993, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause to Miriam Dominguez-Garcia, alleging that she had entered the United States without inspection in violation of 8 U.S.C. § 1251(a)(1)(B).[1] In April 1993, the INS mailed a notice to Dominguez-Garcia's home, informing her that her deportation hearing would be held on June 1. On that day, Dominguez-Garcia appeared at the hearing with Victor Madrigal, her accredited representative. Madrigal filed a notice of appearance and requested a continuance. The IJ continued the hearing until July 6.
 
 
 3
 There is no transcript of the July 6 hearing. Apparently, however, Madrigal appeared without Dominguez-Garcia and requested another continuance. The IJ then continued the hearing until September 7, and served Madrigal personally with written notice of the new hearing date.
 
 
 4
 Dominguez-Garcia failed to appear at the September 7 hearing, although Madrigal was present. When questioned by the IJ, Madrigal could offer no explanation for Dominguez-Garcia's absence. The IJ then conducted the hearing in absentia. The INS introduced a certified copy of Dominguez-Garcia's Record of Deportable Alien as proof of deportability, to which Madrigal did not object. The court also admitted the written notice of the September 7 hearing date that was served on Madrigal in-person. Based on this evidence, the IJ ordered Dominguez-Garcia deported to Mexico. See 8 U.S.C. § 1252b(c)(1).
 
 
 5
 In December 1993, Dominguez-Garcia filed a timely motion to rescind her deportation order and reopen the proceedings. See 8 U.S.C. § 1252b(c)(3).[2] In support of her motion, Dominguez-Garcia contended that the notice of her September 7 hearing provided to Madrigal did not satisfy the statutory requirements for such notice. The IJ denied Dominguez-Garcia's motion to reopen, holding that Madrigal had received actual notice of the hearing, and that accordingly, the statutory prerequisites for an in absentia hearing had been satisfied. Dominguez-Garcia then filed an appeal to the BIA. The BIA affirmed the IJ and adopted his decision denying Dominguez-Garcia's motion to reopen. This petition for review followed.
 
 Analysis
 
 6
 An appellate court reviews the BIA's denial of a motion to reopen for an abuse of discretion. Groza v. INS, 30 F.3d 814, 818 (7th Cir.1994).
 
 
 7
 The IJ in this case conducted Dominguez-Garcia's in absentia deportation hearing pursuant to 8 U.S.C. § 1252b. Section 1252b provides in relevant part that:
 
 
 8
 Any alien who, after written notice required under [8 U.S.C. § 1252b(a)(2) ] has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 1252 of this title, shall be ordered deported under section 1252(b)(1) of this title in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that[ ] the written notice was so provided and that the alien is deportable.
 
 
 9
 8 U.S.C. § 1252b(c)(1). Once an alien has been ordered deported in absentia under this section, § 1252b(c)(3) permits only two grounds for reopening the proceedings: either that the alien did not receive proper notice under § 1252b(a)(2), or certain defined "exceptional circumstances." See 8 U.S.C. § 1252b(c)(3).
 
 
 10
 Dominguez-Garcia argues that the notice provided to Madrigal did not satisfy the requirements of § 1252b(a)(2).[3] That section requires that:
 
 
 11
 in the case of any change or postponement in the time and place of [deportation proceedings] written notice [of the new time or place of the proceedings] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record....)
 
 
 12
 8 U.S.C. § 1252b(a)(2)(B). According to Dominguez-Garcia, § 1252b(a)(2)(B) permits three--and only three--methods of service of notice: personal service on the alien, service by certified mail on the alien, or service by certified mail on the alien's counsel. Because the INS provided Madrigal with written notice in person, rather than by certified mail, Dominguez-Garcia argues that the INS failed to comply with the statutory notice requirements of § 1252b.[4]
 
 
 13
 We agree with Dominguez-Garcia. Section 1252b(a)(2) specifies three methods of service of notice on an alien. The IJ in this case did not follow any of the three methods permitted by that section. It thus invariably follows that the prerequisites for an in absentia deportation hearing under § 1252b(c)(1) were not met in this case, and that the BIA therefore abused its discretion in refusing to reopen Dominguez-Garcia's case under § 1252b(c)(3)(B).
 
 
 14
 The INS offers a number of responses to this conclusion; we do not find any of them persuasive. The INS first argues that the in-person service provision in § 1252b(a)(2)(B) is ambiguous, and that an INS regulation equating personal service on an alien's representative with personal service on the alien--8 C.F.R. § 292.5--is a reasonable interpretation of that ambiguous statute. Accordingly, the INS contends that the personal notice served on Madrigal was constructively personal notice served on Dominguez-Garcia.
 
 
 15
 We cannot agree with the INS. There is nothing ambiguous about the in-person service provision of § 1252b(a)(2)(B). That section states that "written notice shall be given in person to the alien." There is nothing ambiguous about this statute that would permit the INS to construe "shall be given in person to the alien" to mean "shall be given in person to the alien or to the alien's counsel." Indeed, as the parenthetical clause in the same sentence indicates, Congress was well aware of how to draft this alternate method of service by proxy if it so chose. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984).
 
 
 16
 The INS next contends that serving notice personally on an alien's representative is a better method of service than service on the representative by certified mail. But the INS cites to no case which holds that in situations in which Congress specifically has authorized service of notice by methods A, B or C, service of notice by method D suffices so long as an agency or court determines that method D is "as good as" or "better than" A, B or C. Rather, where Congress's intent is clearly enacted in unambiguous language, that language is conclusive. Negonsott v. Samuels, 507 U.S. 99, 104 (1993) (citation omitted); Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982). In this case, Congress unambiguously authorized three methods of service of notice; the statute must therefore be taken as an exhaustive list of authorized methods or service. "We must faithfully apply the law as Congress has drafted it. We should not disregard plain statutory language in order to impose on [a] statute what we may consider [to be] a more reasonable meaning." Jenkins v. Heintz, 25 F.3d 536, 539 (7th Cir.1994), aff'd, 514 U.S. 291 (1995). Thus, even if in-person service on an alien's representative is a better method of service than certified mail, our task is not to improve upon § 1252b(a)(2)(B). "[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989) (citing Caminetti v. United States, 242 U.S. 470, 485 (1917)).
 
 
 17
 Finally, the INS contends that under 8 U.S.C. § 1252, it was required to serve Dominguez-Garcia only with notice "reasonable under all the circumstances." That section provides that:
 
 
 18
 Proceedings before [an immigration judge] acting under the provisions of this section shall be in accordance with such regulations, not inconsistent with this chapter, as the Attorney General shall prescribe. Such regulations shall include requirements that are consistent with section 1252b of this title and that provide that ... the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held....
 
 8 U.S.C. § 1252(b)(1).[5]
 
 19
 We believe that the INS's interpretation of this statute is erroneous. Section 1252 deals with deportation hearings generally; § 1252b(c) deals specifically with in absentia hearings. In general, under § 1252 the INS need provide an alien with only reasonable notice of a deportation hearing. But § 1252b(c)(1) permits an IJ to order an alien deported in absentia only if the notice requirements of § 1252b(a)(2) are first followed. The general notice provision of § 1252 does not override the specific notice prerequisites of § 1252b(a)(2), (c)(1) for in absentia hearings. Accordingly, even if the notice Dominguez-Garcia received was "reasonable," it did not satisfy the statutory prerequisites for an in absentia hearing under § 1252b(c)(1).
 
 
 20
 Moreover, we note that Congress added § 1252b to the Immigration and Naturalization Act in 1990. See Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990). Unlike its predecessor, § 1252b mandates--rather than permits--in absentia orders of deportation in cases in which aliens fail to appear at deportation hearings. Congress likewise imposed stricter and more specific notice requirements under § 1252b(a)(2) for in absentia hearings, presumably because the consequences of an alien's failure to appear are more severe under the new statute. Fuentes-Argueta v. INS, 101 F.3d 867, 870 (2d Cir.1996); United States v. Perez-Valdera, 899 F.Supp. 181, 185 (S.D.N.Y.1995). By specifying which methods of notice are adequate prerequisites to in absentia deportation proceedings, rather than merely requiring notice that is "reasonable under all the circumstances," Congress has made a clear policy choice; both this court and the INS are bound by that choice.
 
 
 21
 Accordingly, we hold that the IJ failed to provide Dominguez-Garcia with the statutorily required notice of her deportation hearing, and that the BIA therefore abused its discretion by refusing to rescind her order of deportation and reopen her hearing. We therefore GRANT the petition for review, VACATE the Board's Order, and REMAND this case for further proceedings consistent with this order.
 
 
 
 *
 Both parties have waived oral argument in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(f); Cir.R. 34(f)
 
 
 [1]
 Because all the facts and proceedings at issue in this appeal occurred in 1993, all references in this Order will be to the 1993 version of the United States Code. See Rosendo-Ramirez v. INS, 32 F.3d 1085, 1086 n. 1 (7th Cir.1994)
 
 
 [2]
 In an affidavit, Dominguez-Garcia explained her absence from the September 7 hearing by stating that Madrigal incorrectly informed her that her hearing had been rescheduled for September 9. She further stated that she appeared at the Immigration Court on September 9, only to learn that the IJ had conducted her hearing in absentia two days earlier. In support of these contentions, Dominguez-Garcia also submitted a copy of her plane ticket, purchased on August 17, 1993, for travel on September 8 from Chicago (where she was living at the time) to San Antonio, Texas (where the hearing was to be held)
 
 
 [3]
 Dominguez-Garcia does not contend that Madrigal's error in telling her the wrong date for her hearing constitutes an "exceptional circumstance" which would warrant reopening her hearing. See supra at note 2
 
 
 [4]
 Although there is no transcript of the July 6 hearing and the written notice of the September 7 hearing served on Madrigal is undated, we do not understand Dominguez-Garcia to be contesting the finding of the IJ that the undated written notice "was provided to [Madrigal] at the July 6, 1993 hearing." Accordingly, Dominguez-Garcia does not deny that Madrigal received written notice of the September 7 hearing
 
 
 [5]
 This unfortunate example of statutory numbering may lead to some confusion. Section 1252(b) refers to subsection (b) of § 1252; § 1252b is a separate section of Title 8, and follows §§ 1252 and 1252a