Stephanie Ann JAMES; Roland James, Appellants,

v.

FORD MOTOR CREDIT COMPANY, a Foreign Corporation; Special Agents Consultants, Inc., a Minnesota Corporation; Robert Klave, an individual; Jane Doe; John Doe, Appellees.

No. 94–1677.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1994.

Decided Feb. 13, 1995.

Richard G. Nadler, St. Paul, MN, argued, for appellants (Thomas J. Lyons, on brief).

C. Blaine Harstad, Minneapolis, MN, argued, for appellees.

Before BEAM, Circuit Judge, CAMPBELL,* Senior Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Alleging wrongful repossession of their Ford Escort, Roland and Stephanie Ann James brought a Fair Debt Collection Practices Act ("FDCPA") claim against Special Agents Consultants, Inc. ("SACI"), and Robert Klave, an employee of the company. The Jameses also brought various state law claims against SACI, Klave and Ford Motor Credit Company. The district court[1] granted the defendants' motion to dismiss because the Jameses did not allege acts that constituted a violation of the FDCPA and because, even if they had alleged such a violation, their claim was barred by FDCPA's statute of limitations. We affirm the district court's finding that the Jameses' FDCPA claim was barred by the statute of limitations. Because the FDCPA claim provided the Jameses' only basis for federal jurisdiction, the district court correctly dismissed the action.

## I. BACKGROUND

Roland and Stephanie Ann James financed the purchase of a 1990 Ford Escort through Ford Motor Credit Company ("Ford Credit"). The agreement provided that if the Jameses defaulted, Ford Credit could repossess the car. Starting in March of 1992, the Jameses fell behind on their payments. Ford Credit notified the Jameses of their default and told them that they planned to repossess the Escort. Ms. James told Ford Credit that she did not want her car repossessed and that Ford Credit could not take it.

On June 29, 1992, Ford Credit, through its agents SACI and Robert Klave, took the Escort from a public parking lot. One hour later, Ms. James saw Klave driving the Escort. She jumped in the car and demanded to have it back. At first, Klave refused, but after a struggle he ultimately relinquished the Escort to Ms. James. Klave reported to the police that the Escort had been stolen. On July 8, 1992, the police located the Escort. They arrested Ms. James and impounded the Escort. Klave recovered the car from the police impound lot.

The Jameses then brought the FDCPA claim against SACI and Klave. As indicated, the complaint also alleged state claims against Ford Credit. The district court granted the defendants' motion to dismiss, 842 F.Supp. 1202. The Jameses appeal.

## II. DISCUSSION

Congress enacted the FDCPA to help prevent professional debt collectors from using "abusive, deceptive, and unfair" practices when collecting debts from consumers. 15 U.S.C. § 1692. Creditors, such as Ford Credit, and repossession companies, such as SACI, are not generally subject to the FDCPA. However, a few provisions of the Act subject repossession companies to potential liability when they act in the enforcement of others' security interests. *See, e.g.,* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Jordan v. Kent Recovery Servs.,* 731 F.Supp. 652, 656-58 (D.Del.1990).

The Jameses alleged a violation of section 1692f(6)(A), one of the FDCPA provisions that potentially subjects SACI to liability. That section prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C.

---

* The HONORABLE LEVIN H. CAMPBELL, Senior Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

§ 1692f(6)(A). In other words, the Jameses allege wrongful repossession of their car.

While this allegation is substantively weak, we need not reach the merits of the Jameses' claim because we find that it is barred by the statute of limitations. FDCPA actions must be brought within one year of the date on which the alleged statutory violation occurred. 15 U.S.C. § 1692k(d). Thus, the Jameses must have filed their action within one year after the allegedly wrongful repossession.

The Jameses contend that their action is timely because the final repossession took place on July 8, 1992, and they filed their complaint on July 7, 1993, within the statutory period. Some facts do support their contention. On July 8, 1992, the police arrested Ms. James and impounded the car. Repossession forms on file at SACI use July 8, 1992, as the repossession date.

Nonetheless, the district court concluded that the repossession was complete on June 29, 1992. We agree. A repossession is complete once a creditor has gained "sufficient dominion over [the] collateral" to control it. *Wallace v. Chrysler Credit Corp.*, 743 F.Supp. 1228, 1233 (W.D.Va.1990). When Klave first removed the car from the public parking lot on June 29, 1992, he retained complete control of the car for at least one hour. Ms. James's subsequent recovery of the car for a short period of time does not void the initial repossession. Thus, the events that occurred after June 29, 1992, do not involve the Jameses' FDCPA claim.

As June 29, 1992, is the proper date of the repossession, the district court correctly concluded that the Jameses' FDCPA claim is barred by the statute of limitations.

## III. CONCLUSION

The Jameses' FDCPA claim is untimely. Because the FDCPA claim provided the only basis for federal jurisdiction, the district court's order dismissing the action is affirmed.