**Antonio VASQUEZ, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, et al., Defendants.**

No. 96 C 2771.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 12, 1996.

Richard S. Mittelman of Morgan & Mittelman, Ltd., Lake Zurich, IL, for Plaintiff.

Vincent Patrick Cook and Cornelius Edward McKnight of Condon & Cook, Chicago, IL, for Defendants.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

At the previously-scheduled September 10 status hearing in this action, counsel for plaintiff Antonio Vasquez ("Vasquez") advised this Court that he had indeed filed a timely response to the motion to dismiss that had previously been tendered by Allstate Insurance Company ("Allstate"). Although no copy of Vasquez' response (filed on September 5) had then been delivered to this Court's chambers, this Court has since retrieved a copy from the Clerk's Office and is now in a position to rule on Allstate's motion.

Vasquez' difficulty is that Allstate is *not* a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("Act," 15 U.S.C. §§ 1692–1692o)—and a "debt collector" is the only category of party whose conduct is regulated by Act §§ 1692b through 1692j and against whom Act § 1692k provides a private right of action to any person damaged by reason of any violation of the statutory provisions. In relevant part Act § 1692a(6) defines "debt collector" in this fashion:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

And as if to confirm the fact that the statutory term does not encompass the normal efforts of a creditor engaging in efforts to collect *its own* accounts receivable or other amounts due to it, Act § 1692a(6) goes on in this fashion:

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

In an effort to get around that clear statutory language, Vasquez' counsel asserts only (consistently with the allegations that he has included in Complaint ¶ 4) that one of Allstate's "many departments" is a subrogation department. But a "department" of a major corporation is not to be viewed as though it were an entity separate and apart from the corporation itself. Thus the first branch of the Act § 1692a(6) definition is clearly not met: Collection of debts is surely not "the principal purpose" of *Allstate's* business.

■ As for the second alternative that would qualify a party as a "debt collector" under Act § 1692a(6), Allstate's Motion To Dismiss at 1 has represented, and there is no contention to the contrary:

> ALLSTATE indemnified its insured, Brandon Dean, and pursuant to its right of subrogation under its contract with Dean, ALLSTATE demanded payment from VAZQUEZ [sic] in the amount of the indemnification provided to its insured.

Hence Allstate was not seeking to collect any debt owed to anyone else—just its own entitlement. For an example of the cases rejecting the Act's coverage as to such creditors' activity in collecting amounts owed directly to them, see *James v. Ford Motor Credit Co.,* 47 F.3d 961, 962 (8th Cir.1995), *aff'g* 842 F.Supp. 1202, 1206–07 (D.Minn.1994).

■ What has been said to this point suffices to compel Allstate's dismissal from this action. In an effort to add another string to its bow, however, Allstate's Motion at 2–4 has also urged that Allstate is not a "creditor" as defined by Act § 1692a(4) because the monies assertedly due from Vasquez are not a "debt" within the meaning of Act § 1692a(5). That contention would appear to face major difficulties as the basis for a threshold motion to dismiss, given the fact that Allstate's codefendant Universal Fidelity Corporation ("Universal") sent a collection letter to Vasquez that expressly acknowledged:

> We intend to collect your account in accordance with the FAIR DEBT COLLECTION PRACTICES ACT, FEDERAL PUBLIC LAW–95–109.[1]

But as indicated earlier, the mere existence of a statutorily-defined "debt" is not enough to create liability—the complained-of conduct must have been committed by defendant as a statutory "debt collector."

At least on the basis of the existing Complaint, then, Allstate's motion is well-grounded. It is dismissed as a defendant.

---

1. [Footnote by this Court] This opinion should therefore not be viewed as an expression of any view as to Universal's possible liability under the Act.