Huang KANG, on behalf of himself and others similarly situated, Plaintiff,

v.

Dr. Matthew EISENSTEIN, and the North Shore MRI Centre, Defendants.

No. 96 C 4758.

United States District Court, N.D. Illinois, Eastern Division.

April 21, 1997.

Guy Scott Bagnall, Robert S. Fritzshall & Associates, Chicago, IL, Karen Lynn Black, Chicago, IL, for Plaintiff.

Sidney I. Schenkier, Stephen L. Wood, Jenner & Block, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Hyung Kang, an Illinois resident, has filed a two-count amended complaint on behalf of himself and others similarly situated against defendants Matthew Eisenstein, M.D. ("Dr. Eisenstein") and the North Shore MRI Centre ("Centre") alleging that: (1) Dr. Eisenstein violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq. (Count I); and (2) the Centre violated the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS §§ 505/1–505/12 ("the Illinois Act") (Count II).

Previously, defendants filed a motion to dismiss plaintiff's amended complaint. On January 10, 1997, the court denied defendants' motion without prejudice because their arguments were, in part, based on documents outside the pleadings. Defendants, as ordered, have now filed a motion for summary judgment, pursuant to Fed.R.Civ.P. 56. In

response, plaintiff has filed without leave of court a cross-motion for summary judgment. For the reasons set forth below, the court grants defendants' motion and denies plaintiff's motion.

## FACTS [1]

On June 26, 1995, plaintiff was involved in an automobile accident. Plaintiff's physician prescribed three separate magnetic resonance imagings ("MRIs") to rule out possible injuries. The MRIs were performed at the Centre on July 26, 27, and 28, 1995. Plaintiff's MRIs were interpreted by three doctors at the Centre: Drs. Capek, Novetsky, and Racenstein. Plaintiff incurred charges of $1,360.00 for each MRI, for a total amount of $4,080.00. Plaintiff signed an agreement acknowledging that any charges incurred for services he received at the Centre were his personal responsibility, and that he would pay the Centre for any such charges that insurance did not cover.

Thereafter, plaintiff, the insurance company, and Kevin Rogers, plaintiff's attorney at the time, received a Notice of Physician's Lien signed by Dr. Eisenstein and dated August 11, 1995. The lien identified the three MRIs Kang received at the Centre and the amount charged for each MRI. Dr. Eisenstein signed the lien by writing "Matthew Eisenstein" above the "Physician's Signature" line, and the North Shore MRI Centre was listed above the line labeled "Physician." Plaintiff also received an invoice which showed that Kang owed the Centre $4,080.00 for medical services.

On March 26, 1996, plaintiff sued the other driver involved in the automobile accident in state court to recover for injuries sustained in the accident. On or about April 22, 1996, plaintiff filed a "Motion to Invalidate and/or Adjudicate Physician's Lien" in state court. In that motion, plaintiff argued that the Centre's lien was defective because, among other reasons: (1) the lien was signed by Dr. Eisenstein, but the Centre was listed as the physician; (2) the Illinois Physician's Lien Act authorizes only licensed physicians practicing in Illinois to issue physician's liens; and (3) listing the Centre as the physician was an improper attempt to subrogate a debt. The motion also disclosed that plaintiff had been offered and had accepted $5,000 to settle the state court personal injury suit. Plaintiff agreed to withdraw his motion to adjudicate the lien in exchange for Dr. Eisenstein accepting partial payment from the settlement proceeds.

Plaintiff's attorney forwarded a check to Dr. Eisenstein in care of the Centre for $1,666.66. Dr. Eisenstein endorsed the check to the Centre. Plaintiff then received an invoice that showed he owed the Centre additional money for medical services in the amount of $2,413,34. To this date, plaintiff has not made any additional payment on his account. Plaintiff brings this action against defendants alleging that service of the lien, signed by Dr. Eisenstein, violated the FDCPA and the Illinois Consumer Fraud and Deceptive Practices Act.[2]

## DISCUSSION

### Summary Judgment Standard

Under Fed.R.Civ.P. 56(c), a court should grant a summary judgment motion if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." *See also Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir. 1991). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). When reviewing a summary judgment motion, the court must

---

**1.** The facts are taken from the parties' Local Rule 12M and 12N statements.

**2.** Kang makes several objections to defendants' failure to comply with Local 12M standards. However, any violations alleged are technical and not prejudicial. Additionally, the parties

have contested certain facts, but the facts necessary to decide this summary judgment are undisputed. The court is relying on what the lien says, not the parties' interpretations of the document.

read the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

### The FDCPA Claim—Count I

■ To successfully bring a claim under the FDCPA, plaintiff must prove: (1) that Dr. Eisenstein is a "debt collector" under the FDCPA; (2) that the physician's lien was at attempt to collect a debt under the FDCPA; and (3) that service of the lien constitutes an abusive or unfair practice as described under the FDCPA. *See* 15 U.S.C. § 1692. Defendants contend that plaintiff has failed to plead any of these elements. The court concludes that summary judgment should be granted on Count I because plaintiff has failed to establish a cause of action under the FDCPA.

The FDCPA imposes civil liability only upon "debt collectors." A "debt collector," as defined in 15 U.S.C. § 1692a, is:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

Defendants contend that Dr. Eisenstein is not a "debt collector" because he is not in the business of collecting debts. Instead, defendants offer uncontroverted evidence that Dr.

Eisenstein is a radiologist who provides medical services and is one of the partners/owners of the Centre, a limited partnership. Finally, defendants argue that Dr. Eisenstein is not a "debt collector" because the two exclusions contained in sections 1692a(6)(A) and (B) apply to him.

■ Section 1692a(6)(A) explicitly excludes an officer or employee of a creditor who collects debts "in the name of the creditor." Plaintiff argues that Dr. Eisenstein is not an employee or officer of the creditor and that Dr. Eisenstein used a fictitious name to collect the debt because he used the Centre's name in the lien, an invalid assumed name. The court finds that the evidence establishes that Dr. Eisenstein did not use a false or fictitious name when he signed the lien. On the face of the lien, the Centre and the Centre's address are listed above the "Physician" line, next to Dr. Eisenstein's signature above the "Physician's Signature" line. The court agrees with defendants that Dr. Eisenstein, as limited partner of the Centre, through which he delivers medical services, signed the lien in connection with a debt owed to the Centre.[3] Therefore, this exclusion applies.

Defendants also argue that the "common ownership" language in § 1692a(6)(B) excludes Dr. Eisenstein from "debt collector" status. Kang responds that this section is inapplicable because the Centre is not a limited partnership and Dr. Eisenstein is not a limited partner of a medical provider. However, Kang admits in his Rule 12M Response that Dr. Eisenstein is a partner of the Centre.

Courts have broadly interpreted both FDCPA exclusions. *See Meads v. Citicorp Credit Servs., Inc.,* 686 F.Supp. 330, 331 (S.D.Ga.1988) (holding that two Citicorp affiliates were not debt collectors under FDCPA because they were corporate affiliates of creditor's parent corporation). Based on the language of the FDCPA, many courts have recognized that the primary targets of the

---

3. Plaintiff, in his brief in opposition to defendants' motion for summary judgment, attempts to argue that his debt was actually owed to the three physicians who performed the MRIs, not to the Centre. This contention is conclusively defeated, however, by allegations in the amended complaint, in plaintiff's response to defendants' Rule 12M statement, by the documents submitted by the parties, and by the previous litigation in which plaintiff acknowledged his debt to the Centre.

FDCPA are independent or third party debt collectors, not employees or limited partners of creditors. *See* 15 U.S.C. § 1692(e). Thus, in *Dolente v. McKenna,* No. 95–7142, 1996 WL 304850, at *3 (E.D.Pa. June 6, 1996), the court held that a limited partner of a partnership who collected debts owed to the partnership was not a "debt collector" under the FDCPA.

Likewise, this court finds that Dr. Eisenstein is not a "debt collector." Dr. Eisenstein is a limited partner of the Centre, a limited partnership, and Dr. Eisenstein acted on the Centre's behalf when he signed the physician's lien.

Because the court finds that Dr. Eisenstein is not a "debt collector" under the FDCPA, the court need not decide whether service of the lien constituted "debt collection." Additionally, the court need not address the "abusive and unfair practice" prong of the FDCPA, since the court finds that the FDCPA is not applicable to the instant case. Moreover, because the court is dismissing Count I under the FDCPA, it denies to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over plaintiff's state law claim. Count II is therefore dismissed.

### CONCLUSION

For the reasons set forth above, the court grants defendants' motion for summary judgment on Count I. The state law claim is dismissed for lack of jurisdiction.