Michael E. **FRIEDMAN**, and Christine J. **Friedman**, his wife, individually and on behalf of all others similarly situated, Plaintiffs,

v.

The **MAY DEPARTMENT STORES CO.**, Defendant.

No. 96 C 3938.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 7, 1998.

---

Michael Dimand, Law Offices Lawrence Friedman, P.C., Chicago, IL, for Plaintiffs, Michael E. Friedman and Christine J. Freedman.

Jeffrey Lennard, Sonnenschein Nath & Rosenthal, Chicago, IL, David E. Martin, St. Louis, MO, for Defendant, The May Department Stores Company.

## MEMORANDUM OPINION AND ORDER

ANDERSEN, District Judge.

Plaintiffs, Michael E. Friedman and Christine J. Friedman, bring this putative class action against defendant May Department Stores Company ("May") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Defendant now moves for summary judgment on the ground that it is not a "debt collector" within the meaning of the Act, and thus is not subject to its provisions. For the following reasons, we grant defendant's motion for summary judgment.

### BACKGROUND

Plaintiffs Michael E. Friedman and Christine J. Friedman are married and reside in

Barrington, Illinois. Defendant May Department Stores Co. ("May") is incorporated in New York and has its principal place of business in the state of Missouri. May is one of the largest department store retailers in the country and operates approximately 365 department stores nationwide.

May operates its department stores through eight, unincorporated department store divisions. Lord & Taylor is an operating division of May and is a trade name used by May. Lord & Taylor operates approximately 59 department stores in 24 different markets, including Chicago, Illinois. In 1996, Lord & Taylor accounted for $1.7 billion of May's retail sales, which totaled $11.65 billion. Lord & Taylor, Inc. is a wholly-owned subsidiary of May which was formed for the purpose of protecting the Lord & Taylor trade name. Lord & Taylor, Inc., which does not have any employees, has neither ownership in nor operational responsibility for any of the Lord & Taylor stores.

As a convenience to its customers, Lord & Taylor has its own credit card. Lord & Taylor's customers can use the credit card only to purchase merchandise sold at Lord & Taylor's department stores. May issues the Lord & Taylor credit card through May National Bank of Ohio, one of its second-tier, wholly-owned subsidiaries. May National Bank of Ohio routinely sells the Lord & Taylor credit card account receivables to May which, in turn, sells them to Lord & Taylor Finance, Inc., another wholly-owned subsidiary of defendant May. At all times, May is responsible for servicing and collecting the Lord & Taylor credit card accounts.

In order to promote customer loyalty, May identifies its Lord & Taylor credit card accounts with the Lord & Taylor name and identifies Lord & Taylor as a division of May. The Lord & Taylor credit card application, retail installment contract, credit card, and credit card billing statements identify Lord & Taylor as a division of May. Likewise, Lord & Taylor's letterhead and envelopes for customer service and collection matters identify Lord & Taylor as a division of May.

May and its department store divisions are primarily engaged in the business of retail sales. May services and collects only credit card accounts which are issued either by itself or one of its subsidiary banks under the name of one of its department store divisions, such as Lord & Taylor. May's servicing and collection of credit card accounts are incidental and collateral to its primary business of retail sales.

This action arises from May's collection efforts, specifically, contacting the Friedmans on two occasions regarding a past due balance on their Lord & Taylor credit card account. Plaintiffs allege that defendant violated the Fair Debt Collection Practices Act by sending a notice requesting payment which did not include the validation of debts language set forth in 1692g(a) Plaintiffs also allege that defendant, identifying itself as Lord & Taylor, subsequently contacted them by telephone after they paid the debt.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). In considering such a motion, the court accepts as true the facts set forth by the nonmoving party and draws all justifiable interferences in that party's favor. *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991). The party opposing the motion must set forth specific allegations to demonstrate the existence of a material issue for trial *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Yet, this burden requires the party opposing summary judgment to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

▮ Before turning to the merits of the motion before us, we must first address the preliminary issue of whether it is appropriate to rule on defendant's motion for summary

judgment before resolving the question of class certification. Generally, the issue of class certification should be resolved "[a]s soon as practicable," and thus, before any determination on the merits Fed.R.Civ.P. 23(c); *Rutan v. Republican Party of Illinois,* 868 F.2d 943, 947 (7th Cir.1989), *aff'd in part and rev'd in part,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (rev'd on other grounds); *Allen v. Aronson Furniture Co.,* 971 F.Supp. 1259, 1261 (N.D.Ill.1997). The Seventh Circuit has recognized, however, that this directive does not apply when the plaintiffs' claims are without merit. *Id.* at 1261 (*citing Cowen v. Bank United,* 70 F.3d 937, 941 (7th Cir.1995)); *see also Marx v. Centran Corp.,* 747 F.2d 1536, 1552 (6th Cir. 1984), 7B CHARLES ALAN WRIGHT, AR-THUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1785, at 127 (2d ed.1986). Here, plaintiffs' claims are not only without merit, but plaintiff's have yet to present a motion for class certification. Under these circumstances, we believe that the more efficient course is to forego the class certification issue.

## DISCUSSION

In 1977 Congress enacted the Fair Debt Collection Practices Act in response to the widespread concern regarding the "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The stated purpose of the Act is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

To that end, Congress intended to prohibit all debt collection procedures which could be characterized as unfair, including communications with acquaintances of the consumer, telephone calls at unreasonable hours, abusive statements, threats of violence, and false or misleading representations. *See Jenkins v. Heintz,* 25 F.3d 536, 538 (7th Cir.1994), *aff'd sub nom. Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Liability Under the Act, however, is possible only if the defendant is a "debt collector" as defined under the Act.

The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Significantly, the definition of "debt collector" does not include a person collecting its own debts or the debts of an entity which is "related by common ownership or affiliated by corporate control." 15 U.S.C. § 1692a(6); § 1692a(6)(B). Section 1692(6)(B), the so-called "common ownership" exception, applies only if the subsidiary or affiliate acting as the debt collector does so solely for the entity to which it is related or affiliated and its principal business is not debt collection. *Id.*

Relying on these two exceptions, defendant contends that it is not a "debt collector" within the meaning of the Act because it only collects debts due itself or its corporate affiliates. Plaintiff counters that defendant is subject to the Act because it attempted to collect debts owed itself through deceptive means, i.e., issuing a credit card in the name of Lord & Taylor and then using the name of May Department Stores to give the impression that a third party was attempting to collect the debt.

The Act defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C § 1692a(4). As previously noted, May National Bank of Ohio routinely sells the Lord & Taylor credit card account receivables to May which, in turn, sells them to Lord & Taylor Finance, Inc., another wholly-owned subsidiary of defendant May. While May is responsible for servicing and collecting the Lord & Taylor credit card accounts, the record is admittedly unclear regarding to whom the debt was owed when May commenced its collection efforts. As discussed

below, however, this unresolved issue is not enough for plaintiffs to withstand defendant's motion for summary judgment.

In determining whether defendant is a "debt collector," we are guided by the legislative purpose underlying the Fair Debt Collection Practices Act. The Senate Committee on Banking, Housing, and Urban Affairs Report reveals that Congress was primarily concerned with independent debt collectors, which "are the prime source of egregious collection practices." S. Report No. 95–382, at 2 (1977), reprinted in 1977 U.S.Code Cong. & Admin.News, pp. 1695, 1696. Indeed, unlike creditors who collect their own debts, independent debt collectors "are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them." *Id.* Creditors and their affiliates, on the other hand, "generally are restrained by the desire to protect their good will when collecting past due accounts . . . ." *Id.*

In light of this congressional intent, courts have broadly interpreted the "common ownership" and creditor exceptions. *See Kang v. Eisenstein,* 962 F.Supp. 112, 115 (N.D.Ill. 1997) (holding that partner of limited partnership who was collecting debt owed to the partnership was not a "debt collector" under the Act); *Young v. Lehigh Corp.,* No. 80 C 4376, 1989 WL 117960 at *22 (N.D.Ill. Sept. 28, 1989) (holding that defendant corporation was not a debt collector under the Act because it was attempting to collect debt owed its corporate subsidiary); *Meads v. Citicorp Credit Servs. Inc.,* 686 F.Supp. 330, 334 (S.D.Ga.1988) (holding that two Citicorp affiliates were not debt collectors under the Act because they were corporate affiliates of the creditor's parent corporation); *Villarreal v. Snow,* No. 95 C 2484, 1996 WL 473386, at *2 n. 1 (N.D.Ill. Aug. 19, 1996) (noting that the Act does not apply to creditors), *James v. Ford Motor Credit Co.,* 842 F.Supp. 1202, 1207 (D.Minn.1994) (same), *aff'd,* 47 F.3d 961 (8th Cir.1995). *Vasquez v. Allstate Ins. Co.,* 937 F.Supp. 773, 774 (N.D.Ill.1996)) (holding that department or division of creditor is not a debt collector under the Act).

■ We find that the creditor and "common ownership" exceptions apply to May's collection efforts, and as such, May is not a "debt collector" under the Act. Initially, we note that if May or May National Bank is deemed the creditor, it is exempt from the statute under the creditor exception. 15 U.S.C. § 1692a(6). Plaintiff has failed to produce any evidence which would remove May or May National Bank from the definition of "creditor" under the Act, for instance, evidence that either entity received the debt in default for the sole purpose of facilitating collection of the debt or that they used a different name in attempting to collect the debt.

■ Likewise, even if Lord & Taylor is construed as the creditor, May is exempt from the requirements of the Act under subsection (6)(B). It is undisputed that Lord & Taylor is an operating division of defendant May and that Lord & Taylor, Inc. and Lord & Taylor Finance, Inc. are wholly-owned subsidiaries of May. The entities are therefore "related by common ownership or affiliated by corporate control." Additionally, plaintiff does not even argue, much less produce any evidence, that May's primary business is the collection of debts or that May collects debts for other nonaffiliated entities. Indeed, the record discloses that May is primarily engaged in the business of retail sales and limits its collection efforts to credit card accounts which are issued either by itself or by one of its wholly-owned subsidiary banks under the name of one of its department store divisions. Therefore, even if the conduct of May were to be viewed as collecting a debt for Lord & Taylor, May is exempt from the statute because of the language of 15 U.S.C. § 1692a(6)(B).

■ In a final attempt to survive defendant motion for summary judgment, plaintiffs argue that summary judgment is premature because they have not had sufficient time to discover the true relationship between May National Bank, May Department Stores, and Lord & Taylor. Federal Rule 56(e) permits the entry of summary judgment only after an "adequate time for discovery." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also National Soffit & Escut-*

*cheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 265 (7th Cir.1996). Initially, we note that plaintiffs waited eight months from filing their answer until they served their first set of interrogatories. Defendant filed its motion for summary judgment only after responding to these interrogatories, which requested information regarding the corporate structure of defendant. Under these circumstances, we do not believe that summary judgment is premature, especially in light of plaintiffs' failure to present an affidavit in accordance with 56(f) explaining why additional discovery is needed.

## CONCLUSION

For all of the foregoing reasons, we find that May is not a "debt collector" as that term is defined under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6). We believe that a careful analysis of the legislative history reveals that this finding is in harmony with the legislative purpose underlying the Act. Accordingly, defendant May's motion for summary judgment is granted.

It is so ordered.