Louis VITALE, et al., Plaintiffs,

v.

FIRST FIDELITY LEASING GROUP, et al., Defendants.

No. 3:97–CV–1342(JCH).

United States District Court, D. Connecticut.

Feb. 11, 1998.

---

Louis Vitale, North Haven, CT, plaintiff pro se.

Grace A. Vitale, North Haven, CT, plaintiff pro se.

Timothy A. Bishop, Edward P. McCreery, III, Peter S. Olson, John P. Flanagan, Pullman & Comley, Bridgeport, CT, for First Fidelity Leasing Group, Inc., defendant.

John Stephen Papa, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, Jodi M. Thomas, Rome McGuigan Sabanosh, Hartford, CT, for Barberino Brothers, Inc., defendant.

Bernard T. Kennedy, Kennedy & Kennedy, Branford, CT, for Eryk's, Inc., defendant.

### *RULING ON DEFENDANTS' MOTIONS TO DISMISS*

HALL, District Judge.

### *INTRODUCTION*

Plaintiffs Louis and Grace Vitale bring this action *pro se* against three defendants: an automobile dealership, Barberino Brothers, Inc. ("Barberino Bros."); an automobile leasing and financing company, First Fidelity Leasing Group, Inc. ("First Fidelity"); and a towing service, Eryk's, Inc. ("Eryk's"). Plaintiffs seek to redress alleged injuries related to (1) their lease of a 1995 Nissan from defendant Barberino Brothers on August 26, 1995; (2) subsequent disputes concerning lease payments with defendant First Fidelity, which held the lease on the 1995 Nissan; and (3) the repossession of the car by Eryk's on November 5, 1996. Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42–110a *et seq.* They seek injunctive relief, compensatory and punitive damages, and attorney fees and costs.

The plaintiffs filed a Complaint alleging similar facts in 1996 in this court. *Vitale v. First Fidelity Leasing Group, Inc.,* 3:96–cv–2538(AWT). That Complaint was dismissed for lack of subject matter jurisdiction. The earlier Complaint contained no allegations about the Fair Debt Collection Practices Act.

Pending are motions to dismiss by Barberino Brothers [doc. # 12], First Fidelity [doc. # 24], and Eryk's [doc. # 26].[1] Each defendant has moved to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(1), on the ground that this court lacks subject matter jurisdiction or, alternatively, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that plaintiff has failed to state a cause of action.

### *STATEMENT OF FACTS*

Plaintiffs have alleged in their Complaint that they sought to lease a 1995 Nissan Pathfinder automobile from defendant Barberino Brothers on August 26, 1995. They allege (1) that defendant Barberino Brothers fraudulently increased the lease price to an amount greater than the price guaranteed in a newspaper advertisement published by the dealership, Complaint at ¶¶ 21–39; (2) that defendant First Fidelity waged "a vicious campaign of harassment by mailing false and deceptive billing statements, threatening letters by repossessing the Nissan Wagon, forged lease and excesses (*sic*) phone calls ...," Complaint at ¶ 66; and (3) that defendant Eryk's unlawfully repossessed the Nissan on November 5, 1996, trespassing on

---

1. Also pending are plaintiffs' Motion for Rule 11 Sanctions; defendant Barberino Brothers' Motion for Rule 11 Sanctions and Request For Transfer; and First Fidelity's Request for Transfer. The court's disposition of these motions and requests will be made in a separate Order issued this date.

plaintiffs' property and humiliating them. Complaint at ¶¶ 86–90.

The Complaint asserts that this court has jurisdiction pursuant to Article III of the Constitution and "based upon *'STAND-ING.'* " Complaint at ¶ 6. The only federal law plaintiffs have cited is the Federal Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 et seq.[2] Complaint at ¶¶ 8, 10.

Plaintiffs did not expressly allege that any of the three defendants were "debt collectors" subject to the FDCPA. Nor did the Complaint include any allegations that either Barberino Bros. or First Fidelity are businesses whose "principal purpose" is the regular collection or attempted collection of debts owed to another. Rather, defendant Barberino Brothers is alleged to be in the business of selling automobiles. Complaint at ¶ 20. Defendant First Fidelity is alleged to be in the business of loaning money to consumers for the purchase or lease of automobiles. Complaint at ¶ 62. With respect to plaintiffs, First Fidelity is alleged to have "approved" plaintiffs' credit, Complaint at ¶ 42, and later to have waged a "campaign of harassment" against plaintiffs in connection with the collection of the loan to plaintiffs. Complaint at ¶ 66.

The plaintiffs did not allege that Eryk's is a business whose "principal purpose" is debt collection, nor that it regularly collects or attempts to collect debts owed to another. Although the Complaint does not expressly allege that Eryk's is a "business the principal purpose of which is the enforcement of security interests," 15 U.S.C. § 1692a(6), the plaintiffs do refer to this defendant as "Eryk's Repo Service." Complaint at ¶ 86. The Complaint further alleges that, at the time of Eryk's repossession of the Nissan, plaintiff Louis Vitale initially objected to the repossession. Plaintiffs further allege that the police came to the scene and that Mr. Vitale subsequently "allowed [Eryk's] to unload the wagon ..." after the police arrived. Complaint at ¶ 91.

## STANDARD

Defendants move to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. It is well-established that where "the complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' ... the district court must entertain the suit unless the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.' " *Spencer v. Casavilla*, 903 F.2d 171, 173 (2d Cir.1990), *quoting Bell v. Hood*, 327 U.S. 678, 681, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); see also *Savoie v. Merchants Bank*, 84 F.3d 52, 57 (2d Cir.1996). Therefore, where it appears that a case might be dismissable for lack of jurisdiction, but the basis for the dismissal also raises an issue of failure to state a claim, a court should assume jurisdiction in most cases for the purposes of deciding the 12(b)(6) issue. *Spencer*, 903 F.2d at 173.

In this case, the Complaint clearly seeks relief pursuant to the Federal Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq. This is the only federal statute cited in the complaint. Although plaintiffs' claims that this court has jurisdiction pursuant to Article III of the Constitution and "based upon *'STANDING'* " are not entirely clear, it appears that they attempt to assert subject matter jurisdiction based on a federal question, pursuant to 28 U.S.C. § 1331. Therefore, this court will assume jurisdiction and

---

2. The FDCPA applies only to "debt collectors," which it defines as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Section 1692f(6) prohibits a debt collector from:

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest ...

will consider the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss on the basis of Rule 12(b)(6) may be granted only where, taking all well-pleaded facts as true, and drawing all reasonable inferences in the plaintiffs' favor, the complaint fails to state a claim for which relief can be granted. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

### ANALYSIS

The Federal Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq. prohibits debt collectors from using abusive practices in collecting debts. 15 U.S.C. § 1692(e). There are no express allegations, or allegations that would tend to suggest, that Barberino Brothers is a "business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Although there are allegations to suggest that First Fidelity was collecting a debt, the debt was one owed to it and thus its activities are not covered by FDCPA. *James v. Ford Motor Credit Co.*, 842 F.Supp. 1202, 1206 (D.Minn. 1994), *aff'd.* 47 F.3d 961 (8th Cir.1995). Therefore, this court must conclude that neither of these defendants is a "debt collector" within the meaning of the FDCPA. 15 U.S.C. § 1692a(6). Thus, plaintiffs have failed to state a claim under the FDCPA against Barberino and First Fidelity, and the complaint is dismissed as to these defendants pursuant to Fed.R.Civ.P. 12(b)(6).

With respect to defendant Eryk's, the Complaint does contain allegations that suggest that Eryk's could fit, for purposes of a Motion to Dismiss, within the definition of "debt collector" under the FDCPA as a business which has "the principal purpose of . . . enforc[ing] security interests." *Id.*

The plaintiffs allege that defendant Eryk's is a "repo[ssession] service." Such services are engaged in the enforcement of security interests and, as such, have been held to be within the scope of the FDCPA, if they engage in self-help repossession without a "present right" to do so. 15 U.S.C. § 1692f(6). See *James*, 842 F.Supp. at 1206–08; *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F.Supp. 543, 546 (D.Conn.1994); *Jordan v. Kent Recovery Services, Inc.*, 731 F.Supp. 652, 658 (D.Del.1990).

Plaintiffs allege that defendant Eryk's came upon their property without permission ("trespass") and that, before the car was removed, the plaintiffs objected to its repossession.[3] It is also alleged, however, that plaintiffs "allowed" Eryk's to remove the car from his property. On a motion to dismiss, these allegations must be construed in the light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Therefore, this court concludes that plaintiffs have alleged a breach of the peace by Eryk's.

Although plaintiffs have alleged that Eryk's is a "repossession service" that allegedly repossessed the Nissan without a "present right to possession of the property," 15 U.S.C. § 1692(f)6, they have not alleged that it was the "principal purpose" of Eryk's business to enforce security interests. 15 U.S.C. § 1692a. Therefore, the plaintiffs have failed to state a claim in that respect.

Plaintiffs are given leave to file an amended complaint against Eryk's containing such allegations, if there is a basis to make them.[4] Any such amended complaint must be filed on or before March 1, 1998.

### CONCLUSION

For the reasons above, the motions to dismiss by Barberino Brothers [doc. # 12] and

---

3. Under Connecticut law, a secured party has a right to repossess collateral without judicial process "if this can be done without a breach of the peace." C.G.S. § 42a–9–503. A breach of the peace can occur when the debtor raises an oral objection to the repossession. *See Clark*, 889 F.Supp. at 546–47, *citing State v. Indrisano*, 29 Conn.App. 283, 292 n. 7, 613 A.2d 1375 (1992), *reversed on other grounds*, 228 Conn. 795, 640 A.2d 986 (1994) (additional citations omitted).

4. Plaintiffs' attention is directed to Rule 11 of the Federal Rules of Civil Procedure which requires, *inter alia*, that allegations have a basis in fact or, if on information and belief, are likely to have a factual basis ("evidentiary support") after reasonable opportunity for further investigation or discovery.

First Fidelity [doc. #24] are hereby **GRANTED.** The Motion to Dismiss by Erik's [doc. #26] is hereby **GRANTED** with leave for the plaintiffs to file an amended complaint against Eryk's on or before March 1, 1998. In the absence of any such filing, the Clerk will close the file.

**SO ORDERED.**