Louis VITALE and Grace A. Vitale, Plaintiffs,

v.

FIRST FIDELITY LEASING GROUP, INC., a/k/a First Union Bank, Barberino Bros., Inc., and Eryk's, Inc., Defendants.

No. 3:99CV00461 (GLG).

United States District Court, D. Connecticut.

July 13, 1999.

**446**

## Memorandum Decision

GOETTEL, District Judge.

Plaintiffs, who are *pro se*, have for the third time attempted to invoke this Court's jurisdiction over an action that involves strictly state-law claims arising out of the negotiation and execution of a car lease and the subsequent repossession of the vehicle. Each time plaintiffs, reciting the same litany of facts, have sued the same defendants, and each time plaintiffs' complaint has been dismissed. Defendants now move this Court to dismiss plaintiffs' third complaint for lack of subject matter jurisdiction [**Doc. ## 15, 17, 21**], and defendant Barberino Bros., Inc.,

asks this Court to impose Rule 11 Sanctions [**Doc. # 19**].

We briefly review the history of the litigation. The first action involving identical parties and nearly identical claims was dismissed by Judge Thompson for "a complete lack of subject matter jurisdiction." *Vitale v. First Fidelity Leasing Group, Inc.,* No. 3:96CV2538(AWT), Mem. of Decision (D.Conn. May 23, 1997). Judge Thompson advised plaintiffs that "by its ruling, the court does not intend to convey to the plaintiffs that they have no remedy for their claims. The court merely finds that *this* court does not have subject matter jurisdiction over their claims." *Id.* at 4 (original emphasis).

Plaintiffs then filed a second action in this Court against the same defendants, but this time including a claim under the Federal Fair Debt Collection Practices Act ("FDCPA"). Judge Hall assumed jurisdiction over plaintiffs' complaint but dismissed the claims under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted. In so doing, she granted plaintiffs leave to file an amended complaint as to defendant Eryk's, on or before March 1, 1998. *Vitale v. First Fidelity Leasing Group, Inc.,* 35 F.Supp.2d 78 (D.Conn.1998), Ruling on Defs.' Mot. to Dismiss (D.Conn. Feb. 11, 1998). On reconsideration, Judge Hall noted that plaintiffs had not filed an amended complaint and had indicated that they did not wish to proceed under the FDCPA. She reiterated that there was no basis for asserting federal jurisdiction against defendants First Fidelity Leasing Group, Inc. and Barberino Brothers, Inc., and adhered to her decision dismissing the complaint as to all defendants. However, once again, she gave plaintiffs an opportunity to replead their complaint against defendant Eryk's. *Id.,* Mem. of Decision (Apr. 20, 1998). An amended complaint against Eryk's was never filed.

On appeal, the Second Circuit affirmed Judge Hall's Ruling. *Vitale v. First Fidelity Leasing Group, Inc.,* No. 98-7926, 1998 WL 887171 (2d Cir. Dec. 14, 1998) (Summary Order). The Second Circuit noted that the "district court's refusal to exercise supple-

mental jurisdiction over plaintiffs' state-law claims of course does not bar pursuit of those claims in *state court.*" *Id.* (emphasis added). Plaintiffs' petition for rehearing was likewise denied by the Second Circuit. (Order Feb. 4, 1999).

Plaintiffs, however, did not heed this advice,[1] and, on March 15, 1999, filed this third action in federal Court against the same defendants, based upon the same facts. Plaintiffs assert jurisdiction under 28 U.S.C. § 1331, but allege no basis for the exercise of federal question jurisdiction against any of the defendants. Their claims against defendant Barberino Bros., Inc., are brought under Connecticut's Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42–110 *et seq.*, and the Uniform Commercial Code. Their claims against First Fidelity Leasing Group, Inc., are for its "vicious campaign of harassment by telephone, mailing false and deceptive billing statements, threatening letters by repossessing the Nissan Wagon," (Pl.'s Compl. ¶ 71), which they allege constituted an "intentional and wanton violation of the plaintiff's [sic] rights or was done with reckless indifference to those rights in that the Defendant First Fidelity Leasing, Inc., knew that its representation and omission were false and misleading or was reckless indifference to their truth or completeness and its refusal to negotiate or obtain a judicial determination was without reasonable excuse or justification."[2] (Pl.'s Compl. ¶ 72). As against defendant Eryk's, plaintiffs allege trespass and an "intentional and wanton violation of the plaintiffs' rights or was done with a reckless indifference to those rights." (Pl.'s Compl. ¶ 99). Against all defendants, plaintiffs seek actual damages under CUTPA, punitive damages under CUTPA, attorney's fees under CUTPA, and other equitable relief.

■ Because plaintiffs are *pro se,* this Court heeds the directive of the Second Circuit that, when considering the sufficiency of a *pro se* complaint, the Court must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel. *Branham v. Meachum,* 77 F.3d 626, 628–29 (2d Cir.1996); *Hanlin v. Mitchelson,* 794 F.2d 834, 839 (2d Cir.1986); *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983); *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 703 (2d Cir.), *cert. denied,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Moreover, we accept as true the allegations of plaintiffs' complaint.

■ However, even construing plaintiffs' complaint in the light most favorable to plaintiffs and accepting all of plaintiffs' allegations as true, we find no basis for the exercise of federal jurisdiction over plaintiffs' claims. Plaintiffs have alleged only state-law claims. They have asserted no claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, which is required for this Court's federal question jurisdiction. Without jurisdiction, this Court is not empowered to hear this case.

The fact that plaintiffs assert standing under Article III of the United States Constitution does not give rise to a substantive federal claim that would establish federal jurisdiction. There is no basis in plaintiffs' complaint for this Court to exercise federal question and, thus, once again plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

We turn now to the Motion for Sanctions of defendant Barberino Bros., Inc. Defendant asserts that, after two adverse decisions from this Court and one from the Second Circuit, "plaintiffs have filed the present action for an

---

1. The only inkling that we have as to why plaintiffs are so averse to bringing their claims in state court is from Judge Thompson's ruling. Mem. of Decision at 4 (May 23, 1997). Judge Thompson states that, at oral argument, in response to the Court's inquiry as to why plaintiffs bought the first action in federal court, Mr. Vitale stated in substance that he had had bad experiences in the state courts and had no confidence in those courts. *Id.*

2. To the extent that this count seems to be asserting a claim under the FDCPA, plaintiffs make clear in their Opposition papers that they are not asserting a FDCPA claim. Moreover, Judge Hall's dismissal of this claim against First Fidelity in plaintiffs' second complaint, which ruling was affirmed on appeal, would have *res judicata* effect and would bar the plaintiffs' attempts to assert a FDCPA claim in this third action.

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and the claims and legal contentions set forth in the plaintiffs [sic] complaint are not warranted by existing law or a modification or reversal thereof." (Def.'s Motion for Sanctions at 1–2).

Whether plaintiffs' third complaint has been filed solely for purposes of harassment or due to their complete lack of understanding of federal jurisdiction is a difficult question to answer. There are statements in plaintiffs' opposition to defendants' motions that would support both conclusions.[3] Plaintiffs have threatened opposing counsel with sanctions and with reporting them to a grievance committee.[4] Plaintiffs' major complaint against the defendants' attorneys seems to be that they have refused to negotiate a settlement. At the same time, plaintiffs continue to insist that Article III standing confers subject matter on this Court. It does not.

 Rule 11 sanctions may apply to anyone who signs a pleading, motion, or other paper, including *pro se* plaintiffs. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Although pleadings filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), all litigants, including pro ses, have an obligation to comply with court orders and with the Federal Rules of Civil Procedure. *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988).

On at least two occasions, this Court and the Second Circuit have suggested to plaintiffs that the appropriate forum for their state-law claims is state court. Plaintiffs have failed to heed this advice. This Court would be inclined to grant Rule 11 sanctions against plaintiffs but for one technicality. There is nothing in the Motion filed by defendant to indicate its compliance with the requirements of Rule 11(c)(1)(A), which requires that a Rule 11 motion be served as provided in Rule 5, but that the motion not be filed with or presented to the Court unless, within 21 days after service of the motion, the challenged pleading is not withdrawn or appropriately corrected. There is no indication that plaintiffs were given the 21 days notice to withdraw the instant complaint.

While this Court is denying defendant Barberino's Motion for Sanctions, plaintiffs are admonished that any further actions filed in federal court against these defendants arising out of same nucleus of operative facts might well warrant the imposition of Rule 11 sanctions. Plaintiffs should govern themselves accordingly.

Therefore, this Court GRANTS the Motions to Dismiss of defendant First Fidelity Leasing Group, Inc. [**Doc. # 15**], of Barberino Bros., Inc. [**Doc. # 21**], and of Eryk's, Inc. [**Doc. # 17**]. The Court DENIES the Motion for Sanctions of defendant Barberino [**Doc. # 19**]. The Clerk is directed to enter judgment accordingly and to close this file.

SO ORDERED.

---

**3.** Plaintiffs state in their Opposition papers, from which we quote verbatim:

In this action, when each attorney, signing each motion, for each defendant should violate the Rules of Professional Conduct, I will file a complaint against them with the grievance committed. There motion are all identical in the second action which was ruled on in there favor make it irrelevant in this action, because it does not answer to the jurisdiction 12(b)(1) or 12(b)(6) and that relief can be granted.

claims of debt collectors and pendent is eliminated.

**4.** We note for plaintiffs' benefit that defendants' motions to dismiss were well taken and were in no way frivolous motions. Indeed, had defense counsel not challenged this Court's subject matter jurisdiction, we would have been obliged *sua sponte* to dismiss this action for lack of subject matter jurisdiction.